[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15740
Non-Argument Calendar

_____

D. C. Docket No. 06-00521-CV-T-17EAJ

PETER G. STACK,
SANDRA MANN-STACK,

Plaintiffs-Appellants,

versus

MASON & ASSOCIATES,
JENNIFER EBANKS PAULLIN,
THE FLORIDA BAR ASSOCIATION,
BATTAGLIA, ROSS, DICUS & WEIN, P.A.,
KELLI HANLEY CRABB,
ANNE MASON,
NANCY HUNT,
JOHN MARKWARDT,
CLAY HOLSTSINGER,
SHAWN YESNER,
MARTIN PONS,
LINDSEY SCHATZMAN,
CATHERINE HARLAN,
BRUCE BOYER,
NELLIE KHOUZAM,
W.DOUGLAS BAIRD,
BRANDT C. DOWNEY, III,
ALTENBERND C.J.,

J.J.SALCINES,
FNU NORTHCOFT,
JJ CASANVERA,
STEPHEN G. WATTS, ESQ. & P.A.,
SHAPIRO & FISHMAN, LLC.,
PETER LANNING,
SUSAN BOSTANCHE,
ALLAN PARRISH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(August 24, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Peter G. Stack and Sandra Mann-Stack, a husband and wife proceeding pro

se, appeal the district court's dismissal of their complaint and denial of their

motion to alter or amend the judgment, filed pursuant to Federal Rule of Civil

Procedure Rule 59(e). The complaint in question named 40 defendants, including

Homeside Lending, American Express, several law firms and attorneys, one United

States Attorney, one Assistant United States Attorney, several Florida state court

judges, and the Florida State Bar Association. The common thread of the Stacks'

complaint was that the defendants had either conspired or aided and abetted a conspiracy to extort exorbitant attorney's fees in connection with debt collection proceedings against them. The district court dismissed the Stacks' complaint pursuant to the Rooker-Feldman doctrine. For the reasons set forth below, we affirm.

## I.

The Stacks have been litigating the issues in this case for more than fifteen years. The first Florida case relevant to this appeal was filed by American Express in May 1993, when it sued Peter Stack in Florida state court to recover the unpaid balance on his American Express card. After obtaining a default judgment in August 1993, American Express brought another action to collect the default judgment amount. Despite the Stacks' efforts, no state court has reversed any of those judgments.

The other case relevant to this appeal was filed in July 1998, when Washington Mutual, acting through its subsidiary Homeside Lending, filed a motion to foreclose the mortgage on the Stacks' home. A Florida state court granted that motion in March 1999. In the eight years since that judgment, the Stacks have filed numerous motions and appeals opposing the foreclosure judgment. Despite the numerous filings, Florida's Second District Court of

Appeals has affirmed the state circuit court's judgment.

Having struck out in state court, the Stacks decided to take a swing in federal court. In their amended complaint, they alleged that various lending institutions, several law firms, a few state court judges, a United States Attorney, an assistant United States Attorney, and the Florida State Bar were all involved in a conspiracy to steal from Mrs. Stack's personal property and to extort exorbitant attorney's fees. More specifically, the Stacks' amended complaint alleged: (1) various counts of RICO conspiracy, including bank fraud, mail fraud, theft, wrongfully shielding attorneys from criminal actions, and embezzlement, all in connection with the assessment of attorney's fees in the foreclosure case; (2) Sherman Antitrust Act violations for "mortgage foreclosure price fixing" and monopoly practices in connection with the attorney's fees assessed against the Stacks in the foreclosure case; (3) two counts of common law fraud; (4) a breach of fiduciary duty by Washington Mutual for neglecting to monitor and contain the amount of attorney's fees that accrued during the course of this litigation; and (5) a denial of due process.

The district court dismissed the Stacks' complaint, finding (1) that the Florida Bar enjoyed immunity under the Eleventh Amendment and (2) that the

Rooker-Feldman doctrine[1] prevented it from exercising jurisdiction over the

Stacks' claims against the remaining defendants. The court stated that the Stacks

had "deliberately ignored controlling laws and [were] deliberately misrepresenting

the facts." The court further noted that the case had "absolutely no chance of

success" and had "been brought in bad faith."[2]

## II.

On appeal, the Stacks do not contest the district court's finding that qualified

immunity shielded the Florida State Bar from suit in this case. Accordingly, the

Stacks' main contention on appeal is that the district court was not precluded by

the Rooker-Feldman doctrine from exercising subject matter jurisdiction over the

remaining defendants in this case.[3] We review questions of subject matter

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 1311–115 (1983).

[2] In addition to dismissing the Stacks' complaint under the Rooker-Feldman doctrine, the court also sanctioned the Stacks under Rule 11 for "vexatious litigation." Yet the district court did not specify any sanctions against the Stacks except for the sanction of dismissal. That sanction is puzzling, however, because the court dismissed the Stacks' complaint for a lack of subject matter jurisdiction, meaning that the sanction of dismissal would not really be a sanction at all. In any event, because we agree with the district court that the Stacks' complaint was due to be dismissed under the Rooker-Feldman doctrine, it is not necessary for us to address whether dismissal was an appropriate sanction under Rule 11.

[3] Several of the defendants contend that we lack jurisdiction because the Stacks filed their notice of appeal more than thirty days after the district court entered its order dismissing their complaint on September 8, 2006. Rule 4(a) provides that, in a civil case where an agency of the United States is a party, notice of appeal must be filed "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). Because the Stacks named two United States Attorneys as defendants in their complaint, they were required by Rule 4(a)(1)(B)

5

jurisdiction de novo. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 (11th Cir. 2001). We have previously characterized the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotation marks omitted). Since our statement in Seigel, the Supreme Court has further clarified the scope of the Rooker-Feldman doctrine, observing that the doctrine prevents district courts from exercising jurisdiction over cases brought by "state-court losers" seeking to challenge "state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).

Although the Stacks' amended complaint alleges RICO conspiracy violations, Sherman Antitrust Act violations, and common law fraud, all of those allegations are based upon the premise that the defendants either extorted or aided

_____

to file their notice of appeal within sixty days of September 8, 2006. They filed their notice of appeal on October 16, 2006, thus satisfying the requirements of Rule 4(a)(1)(B).

6

the extortion of unreasonably high costs and fees during the foreclosure of their home and the proceedings to enforce Mr. Stack's credit card debt. As such, the Stacks' amended complaint was without a doubt an invitation for the district court to review judgments entered against them by Florida state courts. However, the Stacks have already filed several motions in state court contesting the amount of attorney's fees awarded, and every state court that entertained one of those motions decided that the fees and costs were both appropriate and reasonable. The Stacks are not entitled to have a federal district court review those determinations. Therefore, the district court did not err in dismissing their complaint based on the Rooker-Feldman doctrine.

    **AFFIRMED.**